UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
ELIAS SHEHADEH,

                Plaintiff,

        -against-

HORIZON PHARMA USA, INC.,
and ABC CORPORATIONS 1-5,

                Defendants.
---------------------------------------------------------X

Case No. 20-cv-08107(AT)(DCF)

# **DEFENDANT'S ANSWER AND DEFENSES TO THE COMPLAINT**

Defendant Horizon Therapeutics USA, Inc. s/h/a Horizon USA, Inc. ("Horizon"), by and through its attorneys, Ogletree, Deakins, Nash, Smoak & Stewart, P.C, 599 Lexington Avenue, 17th Floor, New York, New York 10022, hereby answers the Complaint of Plaintiff Elias Shehadeh ("Plaintiff") as follows:

## **As to "JURISDICTION AND VENUE"**

1. The allegations contained in paragraph 1 of the Complaint assert conclusions of law to which no answer is required. To the extent that an answer to paragraph 1 of the Complaint is required, Horizon denies the allegations, except admits that Plaintiff asserts claims under False Claims Act, 31 U.S.C. § 3730(h), the New York False Claims Act, Finance Law § 191, and Labor Laws §§ 740 & 741, denies such claims, and refers to 28 U.S.C. § 1331 for the true meaning thereof.

2. The allegations contained in paragraph 2 of the Complaint assert conclusions of law to which no answer is required. To the extent that an answer to paragraph 2 of the Complaint is required, Horizon admits that it does business in the Southern District of New York, and that Plaintiff performed work within this District, and refers to 42 U.S.C §2000e-5(f)(3) and 28 U.S.C

§1391(b) for the true meaning thereof. Horizon avers that it is a Delaware corporation with a principal place of business at 520 Lake Cook Road, Suite 520, Deerfield, Illinois.

## As to "IDENTITY OF PARTIES"

3. Horizon denies the allegations contained in paragraph 3 of the Complaint, expect admits that, on October 10, 2019, Plaintiff's employment with Horizon was terminated.

4. The allegations of paragraph 4 of the Complaint are a fragment sentence to which no answer is required. To the extent that an answer to paragraph 4 of the Complaint is required, Horizon denies the allegations contained in paragraph 4 of the Complaint.

5. The allegations of paragraph 5 of the Complaint are a fragment sentence to which no answer is required. To the extent that an answer to paragraph 5 of the Complaint is required, Horizon denies the allegations contained in paragraph 5 of the Complaint, except admits that Plaintiff worked for Horizon in New York State.

6. Horizon denies the allegations contained in paragraph 6 of the Complaint, except admits that Plaintiff has named "ABC Corporations 1-5" as fictitious name defendants.

## As to "BACKGROUND RELEVANT TO THE CAUSE OF ACTION"

7. Horizon admits the allegations contained in paragraph 7 of the Complaint.

8. Horizon denies the allegations contained in paragraph 8 of the Complaint.

9. Horizon denies the allegations contained in paragraph 9 of the Complaint.

10. Horizon denies the allegations contained in paragraph 10 of the Complaint.

11. Horizon denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, and therefore denies the allegations.

12. Horizon denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint, and therefore denies the allegations.

13. Horizon denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, and therefore denies the allegations.

14. Horizon denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, and therefore denies the allegations.

15. Horizon denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, and therefore denies the allegations.

16. Horizon denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint, and therefore denies the allegations.

17. Horizon denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint, and therefore denies the allegations.

18. Horizon denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, and therefore denies the allegations.

19. The allegations contained in paragraph 19 of the Complaint assert conclusions of law to which no answer is required. To the extent that an answer to paragraph 19 of the Complaint is required, Horizon denies the allegations, and refers to Section 340B of the federal Public Health Service Act, codified as 42 U.S.C. § 256b, for the true meaning thereof.

20. Horizon denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint, and therefore denies the allegations.

21. The allegations contained in paragraph 21 of the Complaint assert conclusions of law to which no answer is required. To the extent that an answer to paragraph 21 of the Complaint is required, Horizon denies the allegations, and refers to 42 U.S.C. §1320a-7b(b) for the true meaning thereof.

22. Horizon denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint, and therefore denies the allegations.

23. Horizon denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint, and therefore denies the allegations.

24. Horizon denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint, and therefore denies the allegations.

25. Horizon denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint, and therefore denies the allegations.

26. Horizon denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint, and therefore denies the allegations.

27. Horizon denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint, and therefore denies the allegations.

28. Horizon denies the allegations contained in paragraph 28 of the Complaint.

29. Horizon denies the allegations contained in paragraph 29 of the Complaint.

30. Horizon denies the allegations contained in paragraph 30 of the Complaint.

31. Horizon denies the allegations contained in paragraph 31 of the Complaint.

32. Horizon denies the allegations contained in paragraph 32 of the Complaint.

33. Horizon denies the allegations contained in paragraph 33 of the Complaint.

34. Horizon denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint, and therefore denies the allegations.

35. Horizon denies the allegations contained in paragraph 35 of the Complaint.

36. Horizon denies the allegations contained in paragraph 36 of the Complaint.

37. Horizon denies the allegations contained in paragraph 37 of the Complaint, except admits Plaintiff was terminated from his employment on October 10, 2019.

38. Horizon denies the allegations contained in paragraph 38 of the Complaint.

39. Horizon denies the allegations contained in paragraph 39 of the Complaint.

### As to "AS FOR A FIRST CAUSE OF ACTION ON BEHALF OF SHEHADEH AGAINST HORIZON PHARAMA FOR RETALIATION UNDER THE FALSE CLAIMS ACT, 31 U.S.C. §3730(h)"

40. Horizon repeats and realleges its answers and responses to paragraphs 1 through 39 of the Complaint as if set forth in full herein.

41. Horizon denies the allegations contained in paragraph 41 of the Complaint, and refers to 42 U.S.C. § 132a-7b(b) and 31 U.S.C. § 3730 for the true meaning thereof.

42. Horizon denies the allegations contained in paragraph 42 of the Complaint.

43. Horizon denies the allegations contained in paragraph 43 of the Complaint.

44. Horizon denies the allegations contained in paragraph 44 of the Complaint.

45. Horizon denies the allegations contained in paragraph 45 of the Complaint, and refers to 31 U.S.C. § 3730 for the true meaning thereof.

46. Horizon denies the allegations contained in paragraph 46 of the Complaint.

47. Horizon denies the allegations contained in paragraph 47 of the Complaint, and refers to 31 U.S.C. § 3730(h)(2) for the true meaning thereof. Horizon further denies that Plaintiff is entitled to any relief sought, or any other relief.

48. Horizon denies the allegations contained in paragraph 48 of the Complaint. Horizon further denies that Plaintiff is entitled to any relief sought, or any other relief.

49. Horizon denies the allegations contained in paragraph 49 of the Complaint. Horizon further denies that Plaintiff is entitled to any relief sought, or any other relief.

### As to "AS FOR A SECOND CAUSE OF ACTION ON BEHALF OF SHEHADEH AGAINST HORIZON PHARAMA FOR RETALIATION UNDER THE NEW YORK FALSE CLAIMS ACT, FINANCE LAW §191"

50. Horizon repeats and realleges its answers and responses to paragraphs 1 through 49 of the Complaint as if set forth in full herein.

51. Horizon denies the allegations contained in paragraph 51 of the Complaint, and refers to New York Finance Law § 191 for the true meaning thereof.

52. Horizon denies the allegations contained in paragraph 52 of the Complaint.

53. Horizon denies the allegations contained in paragraph 53 of the Complaint.

54. Horizon denies the allegations contained in paragraph 54 of the Complaint.

55. Horizon denies the allegations contained in paragraph 55 of the Complaint, and refers to New York State Finance Law § 191 for the true meaning thereof.

56. Horizon denies the allegations contained in paragraph 56 of the Complaint.

57. Horizon denies the allegations contained in paragraph 57 of the Complaint, and refers to New York State Finance Law § 191(1) for the true meaning thereof. Horizon further denies that Plaintiff is entitled to any relief sought, or any other relief.

58. Horizon denies the allegations contained in paragraph 58 of the Complaint. Horizon further denies that Plaintiff is entitled to any relief sought, or any other relief.

59. Horizon denies the allegations contained in paragraph 59 of the Complaint. Horizon further denies that Plaintiff is entitled to any relief sought, or any other relief.

### AS FOR A THIRD CAUSE OF ACTION ON BEHALF OF SHEHADEH AGAINST HORIZON PHARAMA FOR RETALIATION UNDER NEW YORK LABOR LAW §740

60. Horizon repeats and realleges its answers and responses to paragraphs 1 through 59 of the Complaint as if set forth in full herein.

61. Horizon denies the allegations contained in paragraph 61 of the Complaint, and refers to New York Labor Law § 740 for the true meaning thereof.

62. Horizon denies the allegations contained in paragraph 62 of the Complaint.

63. Horizon denies the allegations contained in paragraph 63 of the Complaint.

64. Horizon denies the allegations contained in paragraph 64 of the Complaint, and refers to New York Labor Law § 740 for the true meaning thereof.

65. Horizon denies the allegations contained in paragraph 65 of the Complaint. Horizon further denies that Plaintiff is entitled to any relief sought, or any other relief.

66. Horizon denies the allegations contained in paragraph 66 of the Complaint, and refers to New York Labor Law § 740 for the true meaning thereof. Horizon further denies that Plaintiff is entitled to any relief sought, or any other relief.

67. Horizon denies the allegations contained in paragraph 67 of the Complaint. Horizon further denies that Plaintiff is entitled to any relief sought, or any other relief.

### As to "AS FOR A FOURTH CAUSE OF ACTION ON BEHALF OF SHEHADEH AGAINST HORIZON PHARAMA FOR RETALIATION UNDER NEW YORK LABOR LAW §741"

68. Horizon repeats and realleges its answers and responses to paragraphs 1 through 67 of the Complaint as if set forth in full herein.

69. Horizon denies the allegations contained in paragraph 69 of the Complaint, and refers to New York Labor Law § 741 for the true meaning thereof.

70. Horizon denies the allegations contained in paragraph 70 of the Complaint.

71. Horizon denies the allegations contained in paragraph 71 of the Complaint.

72. Horizon denies the allegations contained in paragraph 72 of the Complaint.

73. Horizon denies the allegations contained in paragraph 73 of the Complaint, and refers to New York Labor Law § 741 for the true meaning thereof.

74. Horizon denies the allegations contained in paragraph 74 of the Complaint. Horizon further denies that Plaintiff is entitled to any relief sought, or any other relief.

75. Horizon denies the allegations contained in paragraph 75 of the Complaint, and refers to New York Labor Law § 741 for the true meaning thereof. Horizon further denies that Plaintiff is entitled to any relief sought, or any other relief.

76. Horizon denies the allegations contained in paragraph 76 of the Complaint. Horizon further denies that Plaintiff is entitled to any relief sought, or any other relief.

## JURY DEMAND

Horizon admits that the Complaint contains a jury demand, but denies that Plaintiff is entitled to a jury trial of his claims.

## GENERAL DENIAL

Horizon denies each and every allegation in the Complaint not specifically admitted herein, and denies that Plaintiff is entitled to any of the relief requested under the "Wherefore" clause on page 15 of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

At this time, Horizon asserts the following affirmative and other defenses to the Complaint.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted or for which the damages sought can be awarded.

## SECOND DEFENSE

Subject to proof through discovery, Plaintiff has failed in whole or in part to mitigate his purported damages.

**THIRD DEFENSE**

In the event that Plaintiff can demonstrate that his alleged protected activity was a motivating factor in any alleged employment decision that he challenges, which is expressly denied, he is not entitled to money damages or other relief because Horizon would have taken the same action in the absence of any such impermissible factor.

**FOURTH DEFENSE**

Some or all of Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitation(s).

**FIFTH DEFENSE**

To the extent applicable, Horizon is not liable to Plaintiff for any alleged retaliation, which is expressly denied, because it exercised reasonable care to prevent such behavior and Plaintiff unreasonably failed to take advantage of the preventative and corrective opportunities provided by Horizon and otherwise failed to avoid harm.

**SIXTH DEFENSE**

Any employment decisions with respect to Plaintiff were based on reasonable factors other than any alleged protected activity.

**SEVENTH DEFENSE**

Subject to proof through discovery, Plaintiff's claims are barred in whole or in part by the doctrines of waiver and/or estoppel.

**EIGHTH DEFENSE**

Subject to proof through discovery, Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

## NINTH DEFENSE

Subject to proof through discovery, Plaintiff's claims are barred in whole or in part by the doctrine of after-acquired evidence.

## TENTH DEFENSE

Horizon acted in good faith and without malice, willfulness, or evil intent.

## ELEVENTH DEFENSE

To the extent that Plaintiff has suffered any damages or injuries, which is expressly denied, such damages or injuries were not caused by Horizon's actions or conduct.

## TWELFTH DEFENSE

Plaintiff's own conduct caused, in whole or in part, whatever damages he purports to have suffered.

## THIRTEENTH DEFENSE

All actions taken by Horizon with respect to Plaintiff were for legitimate, non-retaliatory reasons and were not motivated by any unlawful retaliatory animus.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred, either in whole or in part, to the extent that Plaintiff has failed to exhaust all necessary administrative remedies or procedures.

## FIFTEENTH DEFENSE

To the extent that any of Horizon's employees engaged in any of the conduct described in the Complaint, which is expressly denied, such actions were outside of the scope of his/her employment, were contrary to the policies and directives of Horizon, and not done in furtherance of Horizon's business interests.

## SIXTEENTH DEFENSE

All employment decisions regarding Plaintiff were based on reasonable factors other than alleged protected activity.

## SEVENTEETH DEFENSE

Horizon never violated any specific law, rule, or regulation as required by New York Labor Law Sections 740 and 741.

## EIGHTEENTH DEFENSE

Assuming, *arguendo*, Horizon is found to have violated a specific law, rule or regulation, which is expressly denied, such a violation did not present a substantial and specific danger to the public health and safety as required by New York Labor Law § 740.

## NINETEENTH DEFENSE

Plaintiff fails to state with particularly that his alleged investigation, inquiries, or claims were directed at exposing a fraud upon the government.

## TWENTIETH DEFENSE

Plaintiff did not have a reasonable, good faith belief that Horizon violated an actual law, rule, or regulation to invoke any federal, state, or local law protection.

## TWENTY-FIRST DEFENSE

Plaintiff does not qualify as an "employee" under New York Labor Law § 741.

## TWENTY-TWO DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's claims as Plaintiff's exclusive remedy is arbitration.

**TWENTY-THIRD DEFENSE**

Some or all of Plaintiff's claims are barred by the election of remedies provision in New York Labor Law § 740(7).

**TWENTY-FOURTH DEFENSE**

Subject to proof through discovery, Plaintiff failed to exercise any right protected by New York Labor Law § 740, including, but limited to, disclosing or threatening to disclose to a supervisor or to a public body any activity, policy or practice that is in violation of law, rule or regulation and which violation created and presented a substantial and specific danger to the public health or safety, or which constituted health care fraud.

**TWENTY-FIFTH DEFENSE**

Subject to proof through discovery, Plaintiff failed to exercise any right protected by New York Labor Law § 741, including, but limited to, disclosing, threatening to disclose, or refusing to participate in any policy or practice that he, in good faith, believed constituted improper quality of patient care.

**RESERVATION OF RIGHTS**

In addition to the foregoing defenses, Horizon reserves the right to assert any and all additional defenses as may arise during the course of this litigation. Horizon avers that its investigation into Plaintiff's allegations is ongoing, the proper forum for Plaintiff's claims is in arbitration, and reserves the right to amend or correct its Answer.

WHEREFORE, Horizon respectfully requests that judgment be entered in its favor and against Plaintiff, that Plaintiff's Complaint be dismissed in its entirety, with prejudice, and that

Horizon be awarded costs, interest, attorneys' fees, as allowed by law, and other such relief as this Court deems appropriate.

Dated: New York, New York
December 14, 2020

                                      Respectfully submitted,

                                      OGLETREE, DEAKINS, NASH,
                                       SMOAK & STEWART, P.C.

                                      By: */s Aaron Warshaw*
                                           Aaron Warshaw
                                           Jamie Haar
                                           599 Lexington Avenue, 17th Floor
                                           New York, New York 10022
                                           Tel.: (212) 492-2500
                                           aaron.warshaw@ogletree.com
                                           jamie.haar@ogletree.com

                                      *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 14, 2020, I served, via the CM/ECF system, a true and correct copy of the foregoing Defendant's Answer and Defenses to the Complaint upon all parties registered to receive electronic notice.

By:     */s Aaron Warshaw*
             Aaron Warshaw

45291383.2